■ In the Matter of the Claim of MARY SPENNACCHIO, Respondent, against DELCO APPLIANCE DIVISION, GENERAL MOTORS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Sparrow Street is a public street in the City of Rochester, but the portion of it approaching appellant's plant was unlighted, with no homes or sidewalks, and was used almost exclusively

by appellant and its employees for access to the plant. In Winter appellant, apparently with the consent of city authorities, plowed out Sparrow Street to facilitate access to its plant. The appellant's concession in the record is that it " plowed out Sparrow Street as a gratuitous proposition to enable their people to get to work". Claimant was driven to work by her husband on February 5, 1958. As they approached the plant driving in Sparrow Street snowdrifts caused other cars to be stuck; it was difficult to get by them to reach the "loop" on the appellant's premises from which it would be usual that claimant would alight from the car; and in this situation claimant got out of the car; started to walk and was injured. She has been allowed compensation and the question on appeal is whether the injury arose out of and in the course of employment. There are a number of cases involving injuries in public streets coming to work where compensation has been disallowed; but this case is distinguishable. Here the proof and concession would support a finding that in respect of snow conditions the employer took affirmative steps to aid ingress to its plant. In coming to work by private car claimant would reasonably expect that the employer would, as it had in the past, plow out this public street in which the employer had substantially exclusive use. The departure from this practice on February 5 prevented the car in which claimant rode from getting onto the premises and contributed to her injury. If the employer provided a direct facility on a public street, such as a bus, for access to its plant, the case would fall within an easily recognized pattern. Here it did not do so much, but in inviting claimant to come by private car, rather than, for example, by bus, by a regular practice of keeping an approach street free from snow, it took enough control over the public approach as to assume a measure of responsibility to the claimant. We think this injury falls within that area. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.